Dana A. Hinckley and Adelaide Hinckley v. Commissioner.
Hinckley v. Commissioner
Docket No. 1564-65.
United States Tax Court
T.C. Memo 1967-180; 1967 Tax Ct. Memo LEXIS 81; 26 T.C.M. (CCH) 878; T.C.M. (RIA) 67180; August 31, 1967
*81 Gain or loss: Basis of business property: Cost v. fair market value. - For purposes of determining gain or loss to the taxpayer on the sale of the assets of his printing business, the taxpayer's adjusted basis in the assets was their cost less depreciation allowed or allowable, rather than the estimated replacement cost of the assets. Taxpayer had not received the assets by gift or inheritance. Dana A. Hinckley, pro se, Box 217, Claremont, Minn. Robert F. Cunningham, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax against the petitioners in the amount of $128.42 for the year 1962. Petitioners claim an overpayment of $852.99 in income taxes for the same year. Each party has conceded certain issues raised in the notice of deficiency. These concessions will be given effect under Rule 50. The sole remaining issue is whether under section 1001(a) of the Internal Revenue Code of 1954[1] the petitioners realized a gain or loss from the sale of certain property. Findings of Fact All of the facts have been stipulated. The stipulations *82 and exhibits are incorporated herein by this reference. Petitioners, Dana A. Hinckley and Adelaide Hinckley, are husband and wife. They reside in Claremont, Minnesota, and filed their joint income tax return for the year 1962 with the district director of internal revenue for the district of Minnesota. In 1962, one of the petitioners, Dana A. Hinckley (hereinafter referred to as Hinckley) sold most of the assets of his printing business, the Claremont News (hereinafter referred to as the News). Leslie M. Taylor (hereinafter referred to as Taylor) purchased these assets which consisted of printing equipment, minor tools, supplies, plus the land and the building in which the News was located. Hinckley sold these assets to Taylor on a conditional sales contract for a total purchase price of $12,440.20. Taylor contracted to make a down payment of $2,740.20 with the balance to be paid over a 5-year period with monthly installments of $183.06 plus 5 percent per annum charged on the unpaid balance of the contract. Petitioners timely filed their income tax return for the year 1962, which was prepared by Farmers Credit Company. This return in effect scheduled the sale of these assets as follows: *83 Gross Sales Price
$12,440.00
Cost or other basis of as-
sets sold
$8,942.08
Less: Allowed or Allow-
able Depreciation
4,569.76
Adjusted Basis
4,372.32
Net Long-term Capital Gain
$ 8,067.68 The petitioners elected to recognize and report the gain on the installment method pursuant to section 453, which the Commissioner does not contest. They reported long-term capital gain for that year in the amount of $2,251.88. It is agreed that the "cost or other basis" of a linotype machine included in the above amount of $8,942.08 was understated by $1,645. In December of 1963, the petitioners personally completed and filed an amended income tax return for the year 1962, claiming a loss of $10,217.23 from the sale of the assets of the News. On this return the loss was calculated in the following manner: Inventory with the aid of a printing machinery salesman made on a basis of
fire insurance adjustment including building and adjoining business [2] *84 $24,228.01
Less: Stock and equipment not sold to Taylor
1,570.78
$22,657.23
Less: Conditional sales contract purchase price n3
12,440.00
Loss from sale of the News
$10,217.23
The inventory amount of $24,228.01 was estimated by a printing machine salesman and represented the total replacement cost of News' property. A claim for refund, Form 843, was filed by the petitioners for the amount of the income taxes paid for the year 1962 based on the loss calculated above. The Commissioner contends this computation is erroneous. He asserts that the computation of gain shown on the original tax return is correct except that the basis of the linotype machine is understated by $1,645, and accordingly the gain is overstated only by this amount. Ultimate Finding The petitioners have not sustained their burden of proof to show that the Commissioner's determination was in error. Opinion In this case the burden is on the petitioner to overcome the presumption of correctness of the Commissioner's determination. Nothing in the stipulated facts or petitioners' arguments convinces us that this burden has been carried. To compute the amount of gain or loss, section 1001(a) provides: SEC. 1001(a). Computation of Gain or Loss. - The gain from the sale or other disposition of property *85 shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. Since the petitioners claim a loss, they must prove that their adjusted basis in the assets sold exceeded $12,440.20, the stipulated amount realized from this sale. Adjusted basis is defined in section 1011 [4] to be basis under section 1012 or other applicable sections, with adjustments enumerated in section 1016. In general, section 1011 and section 1012 provide that the "basis of property shall be the cost of such property * * *." The petitioners seem to base their case on the argument that estimated replacement costs determined by a printing machine salesman can properly be used as a basis for computing gain or loss instead of cost. We think *86 the petitioners are confused. Their entire claim for loss is based on the fact that the estimated replacement cost of the property sold exceeded the amount realized from the sale. Apparently, they assume that the adjusted basis referred to in section 1011 is the replacement cost which in turn is equal to fair market value. Petitioners are in error with respect to these assumptions. Even if we could find that the printing salesman's estimate of replacement costs equals the fair market value of the assets sold, the petitioners have not advanced any facts or argument on which we could find that their basis equaled this amount. The petitioners specifically stipulate that they did not receive, by gift or inheritance, any of the assets sold to Taylor. Under these circumstances, the fair market value of the assets is irrelevant. The record shows that the real property and equipment were originally purchased for a total price of $10,587.08, the property's basis under section 1012. [5] However, section 1016(a)(2)(A) requires the petitioners to adjust this basis by $4,569.76, the amount the record shows as depreciation "allowed as deductions in computing taxable income under this subtitle or prior *87 income tax laws * * *." Accordingly, the adjusted basis of the real property and equipment sold to Taylor was $6,017.32. This is the figure used by the Commissioner in his computation. The type of gain realized from this sale is not at issue here. The Commissioner's determination is sustained. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. This was the explanation employed by petitioners on their amended 1962 income tax return. n3 The.20 in $12,440.20 has been dropped in some instances and for purposes of this Opinion, is immaterial.
4. SEC. 1011. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections * * *), adjusted as provided in section 1016.↩
5. SEC. 1012. BASIS OF PROPERTY - COST. The basis of property shall be the cost of such property, except as otherwise provided * * *↩